IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SEIKO EPSON CORPORATION,                06-CV-236-BR
a Japan corporation; **EPSON**
**AMERICA, INC.,** a California          OPINION AND ORDER
corporation; and **EPSON**
**PORTLAND, INC.,** an Oregon
corporation,

                    **Plaintiffs,**

**v.**

**GLORY SOUTH SOFTWARE**
**MANUFACTURING, INC.,** a
California corporation;
**BUTTERFLY PRINT IMAGE CORP.**
**LTD,** a Hong Kong company;
**INK LAB (H.K.) CO., LTD,**
a Hong Kong company; **NECTRON**
**INTERNATIONAL, LTD,** a Texas
company; **MIPO INTERNATIONAL,**
**LTD,** a Hong Kong company;
**MIPO AMERICA, LTD,** a Florida
company; **NINE STAR IMAGE CO.,**
**LTD,** a China company; **NINE**
**STAR TECHNOLOGY CO., LTD,** a
California company; **TOWN**

1  - OPINION AND ORDER

**SKY, INC.,** a California
corporation; **ZHUHAI GREE
MAGNETO-ELECTRIC CO., LTD,**
a China company; **MMC CONSUMABLES,
INC.,** a California company;
**TULLY IMAGING SUPPLIES, LTD,**
a Hong Kong company; **INKJET
WAREHOUSE.COM INC.,** a Connecticut
corporation; **WELLINK TRADING CO.,
LTD,** a China company; **RIBBON TREE
(MACAO) TRADING CO, LTD,** a China
company; **RIBBON TREE (USA) INC.,
dba CANA-PACIFIC RIBBONS, INC.,**
a Washington company; **APEX
DISTRIBUTING INC.,** a Washington
company; **ARTECH GMBH,** a German
company; **INK TEC CO., LTD,** a
Korea company; **INK TEC AMERICA
CORPORATION,** a Maryland company;
**DATAPRODUCTS USA, LLC,** a California
limited liability corporation;
**GERALD CHAMALES CORP., dba RHINOTEK
COMPUTER PRODUCTS,** a California
corporation; **MASTER INK CO., LTD,**
a Hong Kong company; **ACUJET U.S.A.,
INC.,** a California company; and **RHINOTEK
COMPUTER PRODUCTS, INC.,** a California
corporation,

    **Defendants.**


**DAVID W. AXELROD**
**PATCHEN M. HAGGERTY**
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. Fifth Ave, Suite 1900
Portland, OR 97204
(503) 796-2900

2  - OPINION AND ORDER

**HAROLD A. BARZA**
**STEVEN M. ANDERSON**
**RYAN S. GOLDSTEIN**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 624-7707

        Attorneys for Plaintiffs Seiko Epson
        Corporation; Epson America, Inc.; and
        Epson Portland, Inc.

**DENNIS P. RAWLINSON**
**KY FULLERTON**
Miller Nash LLP
111 S.W. Fifth Avenue
Suite 3400
Portland, OR 97204-3699
(503) 224-0155

**JOEL E. LUTZKER**
**LEONARD S. SORGI**
919 Third Avenue
New York, NY 10022
(212) 756-2000

        Attorneys for Defendants Glory South
        Software Manufacturing, Inc.; Butterfly
        Print Image Corp., Ltd; Ink Lab (H.K.)
        Co., Ltd; Nectron International, Ltd;
        Mipo International Ltd; Mipo America,
        Ltd.; Nine Star Image Co., Ltd; Nine
        Star Technology Company, Ltd; Town Sky,
        Inc.; and DataProducts USA, LLC

**BRENNA KRISTINE LEGAARD**
Chernoff Vilhauer McClung & Stenzel, LLP
601 S.W. Second Avenue
Suite 1600
Portland, OR 97204
(503) 227-5631

        Attorneys for Defendants Zhuhai Gree
        Magneto-Electric Co., Ltd, and MMC
        Consumables, Inc.

3  - OPINION AND ORDER

**STEVEN M. WILKER**
Tonkon Torp LLP
888 S.W. Fifth Avenue
Suite 1600
Portland, OR 97204-2099
(503) 802-2040

        Attorneys for Defendants Tully Imaging
        Supplies, Ltd; Inkjet Warehouse.Com, Inc.;
        and Wellink Trading Co., Ltd

**KEITH S. DUBANEVICH**
Garvey Schubert Barer
121 S.W. Morrison Street
11th Floor
Portland, OR 97204-3141
(503) 228-3939

        Attorneys for Defendants Ribbon Tree (Macao)
        Trading Co., Ltd; Ribbon Tree (USA), Inc.; and
        Apex Distributing Inc.

**STEPHEN F. DEATHERAGE**
Bullivant Houser Bailey PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
(503) 295-0915

        Attorneys for Defendant Artech GmbH

**JAMES L. HILLER**
Hitt Hiller and Monfils, LLP
411 S.W. Second Avenue
Suite 400
Portland, OR 97204
(503) 228-8870

        Attorneys for Defendants Ink Tec Co.,
        Ltd, and Ink Tec America Corporation

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint (#66) and Motion for Alternative Service on Defendants Butterfly Print Image Corp. Ltd and Ribbon Tree (Macao) Trading Co., Ltd. (#71).

For the following reasons, the Court **GRANTS** Plaintiff's Motion to Amend and Motion for Alternative Service.


## MOTION TO AMEND

Leave to amend a complaint shall be freely given "when justice so requires."  Fed. R. Civ. P. 15(a).

Plaintiffs move to amend their Complaint for Patent Infringement for the sole purpose of adding Rhinotek Computer Products, Inc. (RCPI), a Delaware corporation, as an additional co-defendant.

Plaintiff's original Complaint named "Gerald Chamales Corp. dba Rhinotek Computer Products" as a defendant.  Gerald Chamales Corp. has since been sold to RCPI.

Defendants do not oppose Plaintiffs' Motion.  In addition, this Court entered an Order on June 8, 2006, staying all proceedings in this action and expressly allowing the parties to move for an amendment adding additional parties.  *See* Corrected Order on Certain Defendants' Motion to Stay Proceedings (issued June 8, 2006).

Accordingly, the Court grants Plaintiffs' Motion to Amend to add RCPI as a party-defendant. Plaintiffs shall file their Amended Complaint no later than February 6, 2007.

## MOTION FOR ALTERNATIVE SERVICE

Plaintiffs move for Alternative Service of Summons and Complaint in accordance with Federal Rule of Civil Procedure 4(f) as to Defendants Butterfly Print and Ribbon Tree (Macao).

Plaintiffs offer the Declaration of paralegal Alexander S. Williams with supporting exhibits to establish the good-faith attempts made by Plaintiffs to obtain personal service of the Summons and Complaint on Butterfly Print and Ribbon Tree (Macao) under the authority of the Hague Convention as to Service Abroad of Judicial and Extrajudicial Documents. These efforts have been frustrated by the inability of Plaintiffs to reach these Defendants at physical locations.

### Background

**1. Butterfly Print.**

In May 2006, Plaintiffs attempted to make personal service on Butterfly Print in Hong Kong on three separate occasions at one address and on a fourth occasion at another address. On one of these occasions, the server had an appointment to meet with "Ms. Lam," who identified herself as Butterfly Print's accountant, for the purpose of serving the documents, but Lam

6  - OPINION AND ORDER

failed to keep the appointment.  Personal service was again
attempted unsuccessfully in July 2006 and October 2006.

In July 2006, Plaintiffs also sent the Summons and Complaint
to Butterfly Print for delivery via UPS.  The first attempt at
delivery was unsuccessful.  In August 2006, Plaintiffs delivered
the package to the forwarding address for Butterfly Print in Hong
Kong that was on record with UPS.  The package was accepted by
"Ms. Chung."  Service via UPS was also attempted at a second
address in Hong Kong, and delivery was accepted by "Ms. Li."

**2.    Ribbon Tree (Macao).**

Plaintiffs attempted to serve Ribbon Tree (Macao) personally
at an address in Macao, Peoples Republic of China, but Plaintiffs
were advised Ribbon Tree (Macao) had dissolved and liquidated its
assets in April 2006.  Plaintiffs, however, successfully served
the Summons and Complaint on Ribbon Tree (USA), which has
appeared in this action.

## Discussion

The Hague Convention allows the "destination state," which
is China in this case, to dictate the type of service that is
acceptable.  *See* Hague Convention, art. 10, Nov. 15, 1965, 20
U.S.T. 361.  China has excluded postal or other informal channels
of service.  Thus, the only method of service in China that
complies with the Hague Convention is personal service through
China's "Central Authority."  Under those circumstances, courts

7  - OPINION AND ORDER

have held service of process to be adequate if, after a good
faith but unsuccessful attempt to comply with the Hague
Convention, the party to be served had sufficient notice of the
action that no injustice would result.  *See generally Burda
Media, Inc. v. Vertel,* 417 F.3d 292, 301 (2d Cir. 2005)(citing
*Fox v. Regie Nationale des Usines Renault,* 103 F.R.D. 453, 455
(W.D. Tenn. 1984)):

> Service of process was properly perfected
> under the Hague Convention, notwithstanding
> the failure of the Central Authority to
> return a Certificate, where the plaintiff
> attempted in good faith to comply with the
> Hague Convention and where the defendant had
> sufficient notice of the action such that no
> injustice would result.

Consequently, courts read "the Hague Convention together with
Rule 4," which "stresses actual notice, rather than strict
formalism." *Id.  See, e.g., Millikan v. Meyer*, 311 U.S. 457,
463 (1940); *Rovinski v. Rowe*, 131 F.2d 687 (6th Cir. 1942).

Here, based on their good faith but unavailing attempts to
serve Butterfly Print and Ribbon Tree (Macao) with service of
Summons and Complaint in accordance with the Hague Convention,
and in light of the adequate actual notice already provided,
Plaintiffs propose alternative forms of service under Rule
4(f)(2(C)(ii) whereby the Clerk of Court sends a certified copy
of the Complaint and Summons using a form of mail that requires
the return of a signed receipt or under Rule 4(f)(3) whereby the
Court directs the means of service.

8  - OPINION AND ORDER

Thus, in accordance with the alternative service provisions of Rule 4, Plaintiffs specifically request the Court to direct the Clerk of Court to deliver the Complaint and Summons to Defendant Butterfly Print and Defendant Ribbon Tree (Macao) and its shareholders as set forth below.

On this record, the Court finds the proposed alternative means of service requested by Plaintiffs is reasonably calculated to give proper notice of this action to Defendants Butterfly Print and Ribbon Tree (Macao).

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to File an Amended Complaint (#66) and Motion for Alternative Service on Defendants Butterfly Print Image Corp. Ltd and Ribbon Tree (Macao) Trading Co., Ltd (#71).

Accordingly, the Court hereby **ORDERS** as follows:

1. <u>Service on Butterfly Print</u>.

The Clerk of Court shall cause the Complaint and Summons in this case to be delivered via UPS to Defendant Butterfly Print Image, with a return signed receipt requested, at the following addresses:

        Flat 1408 A
        14/F Well Fung Industrial Cntr.
        58-76 Ta Chuen Ping ST
        Kwau Chung, NT
        Hong Kong SAR

9  - OPINION AND ORDER

        Room 1708B
        14/F Well Fung Industrial Cntr.
        68 Ta Chuen Ping ST
        Kwau Chung, NT
        Hong Kong SAR

        Chung Hong Hong Wah
        Cour Suite 1204
        Yao Tong, 15000
        Hong Kong

Plaintiffs shall email the Complaint and Summons to Butterfly Print at info@butterflyimage.com.

2.  Service on Ribbon Tree (Macao).

The Clerk of the Court shall cause the Complaint and Summons in this case to be delivered via UPS to Defendant Ribbon Tree (Macao), return signed receipt requested, at the following addresses:

        Rua Filipe O'Costa, 1B, 4th Floor
        Floor "B"
        Parish of Se, Macau

        Unit A, Building 4, Centro
        Comercial Brilhantismo
        No. 159-207, Alameda Dr.
        Carlos D'Assumpcao
        Macao

        11-P, edf. C. Ind.
        Keck Seng Building 2
        Macau

If service of the Complaint and Summons on Ribbon Tree (Macao) at any of the above addresses fails, the Clerk of the Court shall cause the Complaint and Summons to be delivered via UPS to "Shareholders of Ribbon Tree," at the following addresses:

Shan Sik Mun
Avenida de Conselheiro
Ferreria de Alameida, No. 119,
17th Floor "G"
Macau

Ieong Peng Chone
Rua de Ponte e Horta, 25
1st Floor "G"
Macau

Mui Koc Kan fka Cristina Lei
Calcada do Paiol, 2
4th Floor "B"
Macau.

Plaintiffs shall prepare all pleadings and other documents necessary for the Clerk of Court to execute this Order.

IT IS SO ORDERED.

DATED this 24th day of January, 2007.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER