IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SEIKO EPSON CORPORATION,            06-CV-236-BR
a Japan corporation; EPSON
AMERICA, INC., a California          OPINION AND ORDER
corporation; and EPSON
PORTLAND, INC., an Oregon
corporation,

          Plaintiffs,

v.

GLORY SOUTH SOFTWARE
MANUFACTURING, INC., a
California corporation;
BUTTERFLY PRINT IMAGE CORP.,
LTD, a Hong Kong company;
INK LAB (H.K.) CO., LTD,
a Hong Kong company; NECTRON
INTERNATIONAL, LTD, a Texas
company; NINE STAR IMAGE CO.,
LTD, a China company; NINE
STAR TECHNOLOGY CO., LTD, a
California company; TOWN

1  - OPINION AND ORDER

SKY, INC., a California
corporation; ZHUHAI GREE
MAGNETO-ELECTRIC CO., LTD,
a China company; MMC CONSUMABLES,
INC., a California company;
TULLY IMAGING SUPPLIES, LTD,
a Hong Kong company; INKJET
WAREHOUSE.COM, INC., a Connecticut
corporation; WELLINK TRADING CO.,
LTD, a China company; RIBBON TREE
(MACAO) TRADING CO., LTD, a China
company; RIBBON TREE (USA), INC.,
dba CANA-PACIFIC RIBBONS, INC.,
a Washington company; APEX
DISTRIBUTING, INC., a Washington
company; DATAPRODUCTS USA, LLC, a
California limited liability
corporation; MASTER INK CO., LTD,
a Hong Kong company; and ACUJET U.S.A.,
INC., a California company,

                    Defendants.


DAVID W. AXELROD
CONNIE C. KONG
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. Fifth Ave, Suite 1900
Portland, OR 97204
(503) 796-2900

AARON B. CRAIG
HAROLD A. BARZA
J.D. HORTON
RYAN S. GOLDSTEIN
TIGRAN GULEDJIAN
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 624-7707

            Attorneys for Plaintiffs Seiko
            Epson Corporation; Epson America,
            Inc.; and Epson Portland, Inc.


2  - OPINION AND ORDER

**TIMOTHY S. DEJONG**
Stoll Stoll Berne Lokting & Schlachter, PC
209 S.W. Oak Street
Fifth Floor
Portland, OR 97204
(503) 227-1600

**EDWARD O'CONNOR**
**STEPHEN M. LOBBIN**
The Eclipse Group LLP
1920 Main Street
Suite 150
Irvine, CA 92614
(949) 851-5000

> Attorneys for Defendants Glory
> South Software Manufacturing, Inc.;
> Butterfly Print Image Corp., LTD;
> Ink Lab (H.K.) Co., LTD; Nectron
> International, LTD; Nine Star Image
> Co., LTD; Nine Star Technology
> Company, LTD; Town Sky, Inc.; and
> DataProducts USA, LLC

**BERT P. KRAGES II**
6665 S.W. Hampton Street
Suite 200
Portland, OR 97223
(503) 597-2525

**CHARLES R. SUTTON**
**JOSEPH M. LIU**
Law Offices of Roger C. Hsu
201 S. Lake Ave.
Suite 302
Pasadena, CA 91101

> Attorneys for Defendant Zhuhai
> Gree Magneto-Electric Co., LTD

**STEVEN M. WILKER**
Tonkon Torp LLP
888 S.W. Fifth Avenue
Suite 1600
Portland, OR 97204-2099
(503) 802-2040

3  - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion (#204) for a Finding of Personal Jurisdiction and for Entry of Order of Default against Defendants Tully Imaging Supplies, LTD, and Wellink Trading Co., LTD, and Plaintiffs' Motion (#211) for Entry of Order of Default against Defendants Apex Distributing, Inc., and Ribbon Tree USA, Inc., dba Cana-Pacific Ribbons, Inc.[1]

For the following reasons, the Court **GRANTS** Plaintiffs' Motion for a Finding of Personal Jurisdiction and for Entry of Order of Default against Defendants Tully and Wellink and **GRANTS** Plaintiffs' Motion for Entry of Order of Default against Defendants Apex and Ribbon Tree USA.


## BACKGROUND

On June 8, 2009, this Court issued an Opinion and Order allowing counsel for Tully, Wellink, Apex, and Ribbon Tree USA to withdraw as counsel of record for their respective clients because their clients failed to respond to counsel's requests for instructions regarding the furtherance of their clients' defense. The Court ordered Tully and Wellink to respond to documentary

---

[1] In a related case, *Seiko Epson Corp. v. Glory South Software Manufacturing, Inc.,* 06-CV-477-BR, Plaintiffs allege Defendants infringed other patents.  The issues involved in both cases, however, are identical and the same Motions are also pending in that action.

discovery requests relevant to issues of personal jurisdiction no later than June 30, 2009.  The Court also ordered Tully, Wellink, Apex, and Ribbon Tree USA to make appearances in this case before July 3, 2009, "or be subject to entry of an order of default for failure to timely appear."  To ensure Tully, Wellink, Apex, and Ribbon Tree USA had notice of the appearance deadlines, the Court "direct[ed] withdrawing counsel to provide their former clients with a copy of this Opinion and Order and direct[ed] Plaintiffs to take reasonable steps to ensure that Defendants Tully and Wellink have notice of the new deadline by which they are to provide documentary discovery."

     1.  <u>Tully and Wellink</u>.

     In a status report to the Court on July 6, 2009, Plaintiffs described their attempts to inform Tully and Wellink of the Court's June 8, 2009, Order, the outstanding discovery requests and a letter setting forth the deadlines set by the Court for Tully and Wellink to respond to the discovery requests.  On inquiry from Plaintiffs' counsel, former counsel for Tully and Wellink confirmed without elaboration that they had "fully complied" with the Court's June 8, 2009, Opinion and Order.  *See* Pls.' July 6, 2009, Status Report at 3-4.

     2.  <u>Apex and Ribbon Tree USA</u>.

     On May 10, 2006, Apex and Ribbon Tree USA filed a Notice of Appearance in this case.  On February 10, 2009, Apex and Ribbon

5  - OPINION AND ORDER

Tree USA filed a Notice of Withdrawal and Notice of Substitution of Counsel.  On May 27, 2009, the recently substituted counsel moved to withdraw based in part on the failure of Apex and Ribbon Tree USA to provide instructions as to their representation.  As noted above, the Court granted the Motion in its June 8, 2009, Order.

**STANDARDS**

**1.    Personal Jurisdiction.**

In a patent-infringement case, the court applies Federal Circuit law rather than the law of the regional circuits to determine whether personal jurisdiction exists over the defendant.  *Red Wing Shoe Co, Inc. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1358 (Fed. Cir. 1998).  *See also Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995).

Personal jurisdiction depends on whether the forum state's long-arm statute permits service of process and whether the assertion of jurisdiction would be inconsistent with due process. *Elec. for Imaging, Inc*. *v. Coyle,* 340 F.3d 1344, 1349 (Fed. Cir. 2003).  *See also United States v. Swiss Am. Bank, Ltd.,* 191 F.3d 30, 36 (1st Cir. 1999).

Oregon Rule of Civil Procedure 4L, Oregon's long-arm statute, confers personal jurisdiction "'to the outer limits'" of constitutional due process.  *Hedrick v. Daiko Shoji Co., Ltd.,*

*Osaka*, 715 F.2d 1355, 1357 (9th Cir. 1983).  Accordingly, the
foreign defendant must have sufficient minimum contacts with the
state "such that it should reasonably anticipate being haled into
court there."  *Red Wing,* 148 F.3d at 1358-59 (citing *World-Wide
Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)).  Federal
Rule of Civil Procedure 4(k)(2), the federal long-arm statute,
requires the same minimum-contacts analysis, but the analysis
is undertaken "with reference to the United States as a whole"
rather than with reference to a particular state.  *Swiss Am.
Bank,. Ltd.,* 191 F.3d at 36.

      The minimum contacts test examines the number and nature of
a defendant's contacts with the forum.  *Red Wing*, 148 F.3d at
1359.  Jurisdiction may be either "general" or "specific."  *Id.*

      a.  <u>General Jurisdiction</u>.

      **"**General personal jurisdiction [] requires that the
defendant have 'continuous and systematic' contacts with the
forum state and confers personal jurisdiction even when the
cause of action has no relationship with those contacts.**"**
*Silent Drive, Inc. v. Strong Indus., Inc.***,** 326 F.3d 1194, 1200
(Fed. Cir. 2003).

      b.  <u>Specific Jurisdiction</u>.

      Even if the district court does not have general
jurisdiction over the defendant, the court may have specific
jurisdiction if the plaintiff is able to show that the defendant

7  - OPINION AND ORDER

"has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1350 (Fed. Cir. 2002).

    c.  <u>Evidentiary Requirements</u>.

If "the district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction." *Id.* at 1347. *See also Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977). On a motion to dismiss for lack of personal jurisdiction, "uncontroverted allegations in [plaintiff's] complaint must be taken as true and conflicts between the facts contained in the parties affidavits must be resolved in [plaintiff's] favor." *Brayton Purcell LLP v. Recordon & Recordon,* 575 F3d 981, 985 (9th Cir. 2009). *See also Coyle*, 340 F.3d at 1349.

**2.  <u>Default Order</u>.**

Under Rule 55(a), the Clerk of Court may enter an order of default when a party fails to plead or otherwise to defend the action. After the default is entered, plaintiff may then seek a default judgment. *See* Fed. R. Civ. Proc. 55(b)(1) and (2).

The entry of an Order of Default or Default Judgment is an appropriate sanction if a party fails to obey a discovery order specifically related to the claim that is the subject of the default order or judgment. Fed. R. Civ. P. 37(b)(2)(a)(iv). *See also U.S. ex. rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 602 (9th Cir. 1988). The ultimate decision to grant or to deny a request for a default order and/or default judgment lies within the sound discretion of the district court. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).

**DISCUSSION**

1.   **Personal Jurisdiction.**[2]

    a.   Tully and Wellink.

Plaintiffs seek a determination that Tully and Wellink are subject to the personal jurisdiction of this Court as a predicate to the entry of a default order for their failure to appear other than for the purpose of moving to quash noticed depositions and for their failure to comply with a discovery order issued by this Court. Plaintiffs present the Declaration of their counsel,

---

[2] Plaintiffs do not seek a specific determination that Apex and Ribbon Tree USA are subject to the personal jurisdiction of this Court. Nevertheless, Plaintiffs submitted *prima facie* evidence that Apex and Ribbon Tree USA are Washington companies that shipped allegedly infringing ink cartridges for sale in Oregon between April 2002 and May 2006. Pls.' Mem., Craig Decl., Exs. B-H.

Aaron Craig, with attached supporting documents to make a *prima facie* showing that this Court has personal jurisdiction as to both Tully and Wellink.

    1.  <u>Tully</u>.

    Plaintiffs present evidence that Tully, a Hong Kong-based company, sold ink cartridges in approximately 1999 that were compatible with Epson printers.  Pls.' Mem., Craig Decl., Ex. A at 10, 15-16.  That same year, Tully purchased a 1/4th ownership interest in Defendant InkjetWarehouse.com, an online distributor of Epson-compatible ink cartridges in the United States.  Pls.' Mem., Craig Decl., Ex. A at 28-29, Ex. M.  In July 2005, John Lee, a Tully executive, emailed a potential purchaser of Tully's ink cartridges advising it to contact Tully's "U.S. distributor, Inkjetwarehouse.com, for purchasing our inkjet products."  Craig Decl., Ex. D.  From April 2003 until the present, Zones, Inc., sold substantial quantities of allegedly infringing ink cartridges to customers in Oregon that were manufactured by Tully and distributed in this country through InkjetWarehouse.com.  Craig Decl., Ex. F.

    2.  <u>Wellink</u>.

    Wellink sells its allegedly infringing ink cartridge products in the United States through Printer Essentials, Inc., a company located in Nevada.  Craig Decl., Ex. C.  In turn, between March 2002 and August 2004, Printer Essentials has sold

substantial quantities of those ink cartridges to PowerMacPac, a computer and software retailer located in Portland, Oregon. Craig Decl., Ex. H.

On this record, the Court concludes Plaintiffs have presented sufficient evidence to make a *prima facie* showing of continuing and repeated contacts by Tully and Wellink in the state of Oregon that are directly related to the patent-infringement claims in this case, and, accordingly, that evidence is sufficient to support the Court's exercise of specific personal jurisdiction over them.

**2.**   **<u>Default Order as to Tully, Wellink, Apex, and Ribbon Tree USA</u>**.

   a.   <u>Tully and Wellink</u>.

Tully and Wellink have ignored this Court's June 8, 2009, Order requiring them to provide document discovery to Plaintiffs no later than June 30, 2009, and to make appearances through newly-retained counsel no later than July 3, 2009, or to be subject to the entry of an Order of Default.  Thus, under Federal Rule of Civil Procedure 37(b)(2), the entry of an order of default is an appropriate sanction.

   b.   <u>Apex and Ribbon Tree USA</u>.

Apex and Ribbon Tree USA have also ignored this Court's June 8, 2009, Order requiring them to provide document discovery to Plaintiffs no later than June 30, 2009, and to make appearances through newly-retained counsel no later than July 3,

11 - OPINION AND ORDER

2009, or to be subject to the entry of an order of default. Thus, under Federal Rule of Civil Procedure 37(b)(2), the entry of an order of default is an appropriate sanction.

## CONCLUSION

For the following reasons, the Court **GRANTS** Plaintiffs' Motion (#204) for a Finding of Personal Jurisdiction and for Entry of Order of Default against Defendants Tully and Wellink and **GRANTS** Plaintiffs' Motion (#211) for Entry of Order of Default against Defendants Apex and Ribbon Tree USA.

IT IS SO ORDERED.

DATED this 29th day of September, 2009.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER