IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

SEIKO EPSON CORPORATION,                    06-CV-236-BR
a Japan corporation; EPSON
AMERICA, INC., a California                  OPINION AND ORDER
corporation; and EPSON
PORTLAND, INC., an Oregon
corporation,

            Plaintiffs,

v.

GLORY SOUTH SOFTWARE
MANUFACTURING, INC., a
California corporation;
BUTTERFLY PRINT IMAGE CORP.,
LTD, a Hong Kong company;
INK LAB (H.K.) CO., LTD,
a Hong Kong company; NECTRON
INTERNATIONAL, LTD, a Texas
company; NINE STAR IMAGE CO.,
LTD, a China company; NINE
STAR TECHNOLOGY CO., LTD, a

California company; TOWN
SKY, INC., a California
corporation; ZHUHAI GREE
MAGNETO-ELECTRIC CO., LTD,
a China company; MMC CONSUMABLES,
INC., a California company;
TULLY IMAGING SUPPLIES, LTD,
a Hong Kong company; INKJET
WAREHOUSE.COM, INC., a Connecticut
corporation; WELLINK TRADING CO.,
LTD, a China company; RIBBON TREE
(MACAO) TRADING CO., LTD, a China
company; RIBBON TREE (USA), INC.,
dba CANA-PACIFIC RIBBONS, INC.,
a Washington company; APEX
DISTRIBUTING, INC., a Washington
company; DATAPRODUCTS USA, LLC, a
California limited liability
corporation; MASTER INK CO., LTD,
a Hong Kong company; and ACUJET U.S.A.,
INC., a California company,

                    Defendants.

DAVID W. AXELROD
CONNIE C. KONG
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. Fifth Ave, Suite 1900
Portland, OR 97204
(503) 796-2900
AARON B. CRAIG
HAROLD A. BARZA
J.D. HORTON
RYAN S. GOLDSTEIN
TIGRAN GULEDJIAN
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 624-7707

              Attorneys for Plaintiffs Seiko
              Epson Corporation; Epson America,
              Inc.; and Epson Portland, Inc.

2  - OPINION AND ORDER

**SETH H. ROW**
Parson Farnell & Grein, LLP
1030 SW Morrison Street
Portland, OR 97205
(503) 222-1812
**EDWARD O'CONNOR**
**STEPHEN M. LOBBIN**
The Eclipse Group LLP
1920 Main Street
Suite 150
Irvine, CA 92614
(949) 851-5000
**LEE MEI**
Mei & Mark LLP
1050 Connecticut Ave NW, 10th Floor
Washington, DC 20036
(202) 256-1008

> Attorneys for Defendants Glory
> South Software Manufacturing, Inc.;
> Butterfly Print Image Corp., LTD;
> Ink Lab (H.K.) Co., LTD; Nectron
> International, LTD; Nine Star Image
> Co., LTD; Nine Star Technology
> Company, LTD; Town Sky, Inc.; and
> DataProducts USA, LLC

**CHARLES R. SUTTON**
**JOSEPH M. LIU**
Law Offices of Roger C. Hsu
201 S. Lake Ave.
Suite 302
Pasadena, CA 91101
(626) 792-7936
**ALBERT P. KRAGES II**
6665 S.W. Hampton Street
Suite 200
Portland, OR 97223
(503) 597-2525

> Attorneys for Defendant Zhuhai
> Gree Magneto-Electric Co., LTD

3  - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the Motion (#233) of Defendants and Counterclaimants NineStar Image Co., Ltd; Ninestar Technology Co., Ltd; Town Sky, Inc.; and DataProducts USA, LLC (hereinafter referred to collectively as Ninestar)[1] for Clarification and/or Modification of this Court's Opinion and Order issued on January 21, 2010.[2]  In its Opinion and Order, the Court addressed the Motion of Plaintiffs and Counterdefendants Seiko Epson Corporation; Epson America, Inc.; and Epson Portland, Inc. (hereinafter referred to collectively as Seiko Epson) to Dismiss and Strike or, in the Alternative, Stay and Bifurcate the Litigation of the Ninestar Defendant's Antitrust Counterclaims and Affirmative Defenses.[3]

---

[1] The Court notes Defendants Ninestar have retained new local counsel.  The Court reminds all counsel that the Court expects the meaningful participation of local counsel in both the preparation and trial of the case and in their client's maintenance of appropriate decorum.  *See* LR 83-3(1) and LR 83-7(b) and (c).

[2] In the related case, *Seiko Epson Corp. v. Glory South Software Manufacturing, Inc.,* 06-CV-477-BR (*Glory South II),* Seiko Epson alleges Ninestar has infringed other patents.  The issues involved in both cases, however, are procedurally and substantively identical.  Ninestar has filed a similar Motion (#212) for Clarification and/or Modification in that case.

[3] The same allegations support Ninestar's Counterclaims and Affirmative Defenses based on antitrust violations.  The parties' arguments and the Court's Opinion on the original Motion focused on the Counterclaims.  The Court's rulings on both the original Motion and this Motion, however, apply equally to Ninestar's Affirmative Defenses and related Counterclaims.

For the following reasons, the Court **DENIES** Ninestar's
Motion for Clarification and/or Modification.


## BACKGROUND

On July 27, 2009, Seiko Epson filed a Motion to Dismiss
and Strike, or, in the Alternative, Stay and Bifurcate Litigation
of the Ninestar Defendants' Antitrust Counterclaims and
Affirmative Defenses.  On August 24, 2009, Ninestar filed a
Response with a proposed Second Amended Answer.  On September 15,
2009, Seiko Epson filed a Reply.

On November 3, 2009, the Court issued an Order directing
the parties to submit a Joint Status Report for the purpose of
"clarify[ing]" and "narrow[ing] the Claims and Counterclaims in
dispute" and "identif[ying] the issues raised in the pending
Motions that need to be decided."  On November 12, 2009, the
parties filed a Joint Status Report in which they set forth their
views of the issues to be resolved by the Court in light of the
allegations in Ninestar's Second Amended Answer.

On January 19, 2010, the Court issued its Opinion and Order
in which it granted Ninestar's Motion to file a Second Amended
Answer, dismissed Ninestar's antitrust Counterclaim based on
"sham" litigation, denied Seiko Epson's Motion to Dismiss

Ninestar's antitrust *Walker Process* fraud Counterclaim, and dismissed Ninestar's Counterclaim for intentional interference with prospective advantage.

**DISCUSSION**

1. **Nature of Ninestar's Motion.**

Ninestar seeks clarification and/or modification of the Court's January 19, 2010, Opinion and Order addressing Ninestar's Motion to Dismiss and Strike or, in the Alternative, Stay and Bifurcate the Litigation of the Ninestar Defendant's Antitrust Counterclaims and Affirmative Defenses.

In its Memorandum in support of its Motion, Ninestar argues this Court's analysis in its Opinion and Order as to Ninestar's Motion to Dismiss relies "largely" on Seiko Epson's "representation of the counterclaims as opposed to what the counterclaims actually say." According to Ninestar, Seiko Epson's representation and the Court's alleged reliance thereon are erroneous. Ninestar argues "it is clear from the Court's order as well as from the misleading arguments presented by [Seiko] Epson that there is confusion and a need for clarification." The overarching theme of Ninestar's initial Memorandum and Reply Memorandum in support of its pending Motion is that the Court did not understand Ninestar's pleadings and

6  - OPINION AND ORDER

inappropriately deferred to Seiko Epson's analysis.  Ninestar
attempts to explicate its pleadings for the purpose of persuading
the Court to revisit and to "modify" *(i.e.*, to reconsider) those
rulings that were adverse to Ninestar, particularly as they
pertain to Ninestar's antitrust Counterclaims based on Seiko
Epson's alleged "sham litigation" tactics before the
International Trade Commission (ITC) and its related Counterclaim
for damages arising from Seiko Epson's alleged intentional
interference with Ninestar's prospective advantage.

Seiko Epson, in return, asserts Ninestar's Motion is
essentially a "Motion for Reconsideration."  The Court agrees.

Federal Rule of Civil Procedure 54(b) governs motions for
reconsideration.  It provides in relevant part:

> [A]ny order or other decision, however,
> designated, that adjudicates fewer than all
> the claims or the rights and liabilities of
> fewer than all of the parties does not end
> the action as to any of the claims or parties
> and *may be revised at any time before the
> entry of a judgment* adjudicating all the
> claims and all the parties' rights and
> liabilities.

Emphasis added.  *See also City of Los Angeles v. Santa Monica
Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001)("As long as a
district court has jurisdiction over the case, then it possesses
the inherent procedural power to reconsider, *rescind,* or <u>modify</u>

an interlocutory order for cause seen by it to be sufficient."
(italicized emphasis in original; underlined emphasis added).

On this record, the Court concludes Ninestar is requesting
the Court to reconsider and to modify two of its prior rulings as
to Seiko Epson's Motion (#197) to Dismiss relating to Seiko
Epson's alleged "sham" litigation tactics and its alleged
interference with Ninestar's prospective advantage.  Accordingly,
the Court concludes Ninestar's pending Motion is a Motion for
Reconsideration of the Court's January 19, 2010, Opinion and
Order pursuant to Federal Rule of Civil Procedure 54(b).

**2.   <u>Standards for Rule 54(b) Reconsideration</u>.**

"The doctrine of the law of the case . . . counsels against
reopening questions once resolved in ongoing litigation.  *Pyramid
Lake Paiute Tribe of Indians v. Hodel,* 882 F.2d 364, 369 n.5
(9th Cir. 1989)(*citing* 18 Charles Alan Wright, Arthur R. Miller
& Edward H. Cooper, *Federal Practice and Procedure* §4478 (1981)
at 788-89).  "[T]he major grounds that justify reconsideration
involve an intervening change in the law, the availability of
new evidence, or the need to correct a clear error or prevent
manifest injustice."  *Pyramid Lake,* 882 F.2d at 369 n.5.

The decision whether to reconsider an interlocutory order
is within the discretion of the trial court.  *Baykeeper,* 254 F.3d
at 887.  *See also Barber v. Haw.,* 42 F.3d 1185, 1198 (9th Cir.
1994).

8  - OPINION AND ORDER

3.    **Analysis**.

The fundamental issue raised by Ninestar is whether the Court misconstrued the nature of Ninestar's antitrust Affirmative Defenses and Counterclaims and, therefore, whether the Court should reconsider or modify that part of its Opinion and Order in which its dismisses those Affirmative Defenses and Counterclaims in order to prevent manifest injustice.

After Ninestar improperly attached its "proposed" Second Amended Answer to its Memorandum in opposition to Seiko Epson's Motion to Dismiss, the Court, as noted, ordered the parties "to clarify and possibly narrow the Claims and Counterclaims in dispute" by filing a Joint Status Report that "identifies the issues raised in the pending Motions that remain to be decided . . . if the Court allows the Second Amended Answer to be filed."

In the Joint Status Report, Ninestar stated:

> It appears to [Ninestar] that the only issues for the Court to decide are whether or not the proposed Second Amended Counterclaim properly spells out causes of action related *to the sham litigation allegations involved in the ITC proceedings, based on the assertion of fraudulently obtained patents* as well as on inappropriate infringement allegations and *tortious interference allegations related to the presently pending action based on the assertion of fraudulently obtained or maintained patents.*

Emphasis added.

Seiko Epson identified, *inter alia,* the following issues:

> Whether Ninestar's attempt to plead a Sherman
> Act Section 2 antitrust claim premised on
> "*sham litigation" allegations* fails as a
> matter of law; Whether Ninestar's claim for
> *intentional interference with prospective
> business advantage* is preempted.

Emphasis added.

**a.    Sham Litigation before the ITC.**

This Court held "Seiko Epson's success in protecting

its related patent rights [against Ninestar] before the ITC

precludes as a matter of law Ninestar's Antitrust Counterclaim

that Seiko Epson engaged in sham litigation before the ITC.**"**

Opin. and Order at 12.  In an apparent contradiction of its

position set forth in the Joint Status Report, Ninestar now

asserts:

> In fact, there is no counterclaim for sham
> litigation in the ITC proceedings [alleged in
> Ninestar's Second Amended Complaint].  There
> are *specific allegations in the general
> factual allegations relating to the factual
> issues which were litigated in the ITC
> proceedings*, such as, *e.g.,* whether there was
> infringement of the patents in suit.

Defs.' Mem. at 3 (emphasis added).  In its Second Amended Answer,

Ninestar alleges 47 paragraphs of "general allegations" in

support of its Affirmative Defenses and Counterclaims for a

"Federal Antitrust Violation."  Ninestar, however, does not

identify any of the "specific" allegations in its pleadings that

are incorporated in the "general" allegations that it now refers to in the Joint Status Report as an antitrust *Walker Process* fraud Counterclaim based on "sham litigation," which is a sobriquet Ninestar now appears to renounce.

The Court notes the "general allegations" in paragraphs 10 and 11 of Ninestar's Affirmative Defenses and Counterclaims may state a Counterclaim against Seiko Epson for fraud on United States Customs and Border Protection (Customs) and those Affirmative Defense and Counterclaim allegations set forth in paragraphs 16, 17, 29, 34, and 44 may state a Counterclaim against Seiko Epson for fraud on the United States Patent and Trademark Office (USPTO). Ninestar, however, asserts the Court either failed to address or misunderstood that there also are specific allegations in Ninestar's Second Amended Answer that, if proved, would allow Ninestar to recover damages under its antitrust *Walker Process* fraud Counterclaim based on Seiko Epson's alleged fraud in the proceedings before Customs and the USPTO. According to Ninestar, the ITC determined only that Ninestar's products infringed Seiko Epson's patents but did not, however, determine whether Seiko Epson obtained its patents by engaging in fraud before USPTO. Ninestar contends the Court's "confusion" resulted in the dismissal of "a non-existent cause of action for sham litigation." Ninestar's underlying concern,

11 - OPINION AND ORDER

appears to be that it believes the Court should allow Ninestar to present damages evidence at trial relating to the surviving *Walker Process* fraud Counterclaim regardless of the ITC's ruling adverse to Ninestar as to patent infringement.

Seiko Epson, however, points out that contrary to Ninestar's current position, Ninestar agreed in the Joint Status Report that its sham-litigation Counterclaim was still to be decided.  The Court, thereafter, dismissed the Counterclaim in light of Seiko Epson's success before the ITC.  *See Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc*., 508 U.S. 49, 61 n.5 ("A winning lawsuit" is not objectively baseless because "by definition" it is "a reasonable effort at petitioning for redress.").  In any event, Seiko Epson does not contend the Court's ruling necessarily precludes Ninestar from seeking damages based on its alleged antitrust *Walker Process* fraud Counterclaim, which survived Seiko Epson's Motion to Dismiss. Seiko Epson's analysis accurately portrays the Court's ruling.

On this record, the Court finds there is not any reason to clarify, to modify, or to reconsider its ruling pertaining to Ninestar's Counterclaim based on Seiko Epson's alleged sham litigation before the ITC.  The Court shall address evidentiary issues relating to the trial of this case if and when they are presented in pretrial Motions.

12 - OPINION AND ORDER

**b.  Intentional interference with prospective advantage.**

In its Opinion and Order, the Court concluded Ninestar's Counterclaim for intentional interference with prospective advantage is "objectively baseless" in light of the ITC's finding in favor of Seiko Epson and against Ninestar. In the pending Motion, Ninestar seeks "clarification" of the Court's ruling and characterizes the ruling as "like something out of Alice in Wonderland" because "such claims are filed every day in patent cases."

Ninestar's Counterclaim for intentional interference with prospective advantage rests on its incorporation of the following "general allegations" that are also alleged in support of Ninestar's Counterclaims for patent invalidity and antitrust violations:

> [Seiko Epson's] allegations of infringement of these claims were used in proceedings before the International Trade Commission in securing a General Exclusion Order ("GEO") and cease and desist orders, which have had a major financial impact on Defendants and have further established [Seiko Epson's] monopoly in the market for ink jet cartridges for use in Epson printers.
>
> *    *    *
>
> [Seiko Epson has] attempted to monopolize the market for ink cartridges for use in the market created by Epson printers and in obtaining a multimillion dollar penalty against [Ninestar] in the [ITC].

13 – OPINION AND ORDER

* * *

> The foregoing conduct of [Seiko Epson]
> constitutes monopolization in violation of
> the antitrust laws of the United states for
> which Defendants are entitled to recover
> treble damages they have sustained as a
> result of said conduct . . . .

Second Am. Answer at ¶¶ 9, 24, 25.  In addition, Ninestar alleges

Seiko Epson filed this action for the purpose of unlawfully

interfering with Ninestar's prospective advantage:

> [Seiko Epson], as competitors of [Ninestar],
> have at all times been aware of the
> relationship between Ninestar and their
> customers and *have initiated this litigation
> for the specific and intentional purpose of
> interfering with those relationships so*
> [Seiko Epson] could take Ninestar's customers
> for themselves.

Second Am. Answer at ¶ 69 (emphasis added).  Thus, the gravamen

of Ninestar's allegations is that Seiko Epson sued Ninestar in

the ITC and then brought this action for the sole purpose of

interfering with Ninestar's relationship with its customers.

In support of this proposition, Ninestar, both in its original

opposition to Seiko Epson's Motion to Dismiss and in its pending

Motion, relies on the Federal Circuit's holding in *Zenith Elec-*

*tronics Corp. v. ExZec, Inc.,* that "state tortious interference

with contractual relations claims [are] not preempted by the

14 - OPINION AND ORDER

patent laws" if the patentee acted in "bad faith."  182 F.3d
1340, 1355 (Fed. Cir. 1999).

The Court found Ninestar's Counterclaim for tortious
interference against Seiko Epson based on Seiko Epson's
initiation of a proceeding against Ninestar in the ITC to protect
its patent rights was not viable because Seiko Epson prevailed in
the ITC proceeding.  *See Globetrotter Software, Inc. v. Elan*, 362
F.3d 1367, 1377 (Fed. Cir. 2004).  The fact that the ITC
addressed only whether Ninestar infringed Seiko Epson's patents
and not whether Seiko Epson fraudulently obtained the patents in
the first instance is not relevant.  The fact is that Seiko Epson
prevailed, and, therefore, Seiko Epson's claim was not
objectively baseless as a matter of law.

On this record, the Court concludes Ninestar has not shown
any reason why this Court should modify or reconsider its
previous rulings set forth in its Opinion and Order issued
January 19, 2010.


**CONCLUSION**

For these reasons, the Court, in the exercise of its
discretion, **DENIES** the Motion (#233) of Defendants and
Counterclaimants Ninestar Image Co., Ltd; Ninestar Technology
Co., Ltd; Town Sky, Inc.; and DataProducts USA, LLC, for

15 - OPINION AND ORDER

Clarification and/or Modification of this Court's Opinion and
Order entered on January 19, 2010.

     IT IS SO ORDERED.

     DATED this 10th day of March, 2010.


                     /s/ Anna J. Brown

                     _____
                     ANNA J. BROWN
                     United States District Judge

16 - OPINION AND ORDER