**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**CIVIL MINUTES**

Case No.    **CV 6-236-BR**                                    Date: **March 2, 2011**

Case Title:   **Seiko Epson Corporation et al v. Glory South Software Manufacturing Inc. et al**

Presiding Judge:  **Anna J. Brown**                    Courtroom Deputy:  **Bonnie Boyer**
                                                                            Tele: (503) 326-8053
                                                           e-mail: Bonnie_Boyer@ord.uscourts.gov

**DOCKET ENTRY:** Minute Order

The Court has completed its consideration of the parties' Joint Submission Regarding Substantive Motion (#341). The Court accepts the parties' assessment that it is unnecessary to consider *Daubert* issues before engaging in substantive motion practice and also accepts in the circumstances of this case and the other related matters that the use of "cross-motions" may unnecessarily complicate matters. Accordingly, the Court will set a dispositive motion schedule that has a single deadline for the filing of all dispositive Motions, a single deadline for a party against whom a dispositive motion is filed to make its response, and a single deadline for the original moving party to file a reply.

Before the Court does so, however, the parties must inform the Court of the nature and number of all dispositive motions that are anticipated, the parties against whom the motions would be filed, and a concise statement of the bases for any such motion. This global information is necessary before the Court permits the filing of any dispositive motion so that the Court may control the presentation of the issues in a way that will minimize unnecessary duplication of analysis and other effort. If multiple motions will involve common issues of fact or law, the Court urges the parties to suggest a means to consolidate those issues for analysis. Accordingly, **no later than March 10, 2011,** the parties shall file a joint statement which itemizes the dispositive motions each party anticipates filing, identifying the party or parties against whom the motion will be filed and the bases for such motion, all in a manner that makes evident any issues of law or fact that may be common to multiple motions.

In addition, effective January 1, 2011, former Local Rule 56(c) requiring the filing of a Concise Statement of Material Fact in connection with summary judgment motions has been withdrawn. In lieu thereof, this Court now requires as a condition precedent to the filing of any dispositive motions that the parties complete the "Agreed Facts" section of what will be the Pretrial Order in the case in order to provide a common factual foundation on which dispositive motions may proceed. To the extent there are

cc:  (  )  All counsel                                                          DOCUMENT NO: _____

**Civil Minutes**
**Hon. Anna J. Brown**                                                         (Civil CaseMgt MO.wpd)

additional, but potentially disputed facts that a party believes are material to a motion, those matters may be established in the normal process of making an evidentiary record *(i.e.*, by Declaration or other admissible means). In this case, therefore, the Court contemplates setting a deadline for the filing of a Statement of Agreed Facts, which deadline will precede the filing of any dispositive motions. The parties should consider this additional requirement as they prepare their March 10, 2011, Joint Statement.

The Court will set a final dispositive motion schedule upon considering the March 10, 2011, Joint Statement. If any party believes a status conference is warranted before then, please contact Courtroom Deputy Bonnie Boyer to schedule one.

IT IS SO ORDERED.

cc:  (  ) All counsel                                                                                          DOCUMENT NO: _____

**Civil Minutes**
**Hon. Anna J. Brown**                                                                                          (Civil CaseMgt MO.wpd)