IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SEIKO EPSON CORPORATION,  3:06-CV-236-BR
a Japan corporation; EPSON
AMERICA, INC., a California  OPINION AND ORDER
corporation; and EPSON
PORTLAND, INC., an Oregon
corporation,

        Plaintiffs,

v.

GLORY SOUTH SOFTWARE
MANUFACTURING, INC., a
California corporation;
BUTTERFLY PRINT IMAGE CORP.,
LTD, a Hong Kong company;
INK LAB (H.K.) CO., LTD,
a Hong Kong company; NECTRON
INTERNATIONAL, LTD, a Texas
company; NINE STAR IMAGE CO.,
LTD, a China company; NINE
STAR TECHNOLOGY CO., LTD, a
California company; TOWN
SKY, INC., a California
corporation; ZHUHAI GREE
MAGNETO-ELECTRIC CO., LTD,

1 - OPINION AND ORDER

a China company; MMC CONSUMABLES,
INC., a California company;
TULLY IMAGING SUPPLIES, LTD,
a Hong Kong company; INKJET
WAREHOUSE.COM, INC., a Connecticut
corporation; WELLINK TRADING CO.,
LTD, a China company; RIBBON TREE
(MACAO) TRADING CO., LTD, a China
company; RIBBON TREE (USA), INC.,
dba CANA-PACIFIC RIBBONS, INC.,
a Washington company; APEX
DISTRIBUTING, INC., a Washington
company; DATAPRODUCTS USA, LLC, a
California limited liability
corporation; MASTER INK CO., LTD,
a Hong Kong company; and ACUJET U.S.A.,
INC., a California company,

        Defendants.

**DAVID W. AXELROD**
**DEVON ZASTROW NEWMAN**
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. Fifth Ave, Suite 1900
Portland, OR 97204
(503) 222-9981

**HAROLD A. BARZA**
**J.D. HORTON**
**JAMES STEIN**
**JOSEPH M. PAUNOVICH**
**RYAN S. GOLDSTEIN**
**TIGRAN GULEDJIAN**
**VALERIE RODDY**
**JUSTIN BROWNSTONE**
**LANCE YANG**
**RACHAEL MCCRACKEN**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 624-7707

        Attorneys for Plaintiffs Seiko Epson Corporation;
        Epson America, Inc.; and Epson Portland, Inc.

2 - OPINION AND ORDER

**LEI MEI**
Mei & Mark LLP
1050 Connecticut Ave. N.W., 10th Floor
Washington D.C. 20036
(202) 256-1008

**SETH H. ROW**
Parsons Farnell & Grein LLP
1030 S.W. Morrison St
Portland, OR 97205
(503) 222-1812

**ELIZABETH H. RADER**
**YITAI HU**
Alston & Bird LLP
275 Middlesex Road, Ste 150
Menlo Park, CA 94025
(650) 838-2000

>     Attorneys for Defendants Ninestar Technology
>     Co. Ltd (formerly Ninestar Image Co. Ltd.);
>     Ninestar Technology Company, Ltd.; and
>     Dataproducts USA, LLC

**BROWN, Judge.**

This matter comes before the Court on the Motion (#351) for Partial Summary Judgment of Unenforceability of U.S. Patent Nos. 6,502,917 ('917 Patent) and 6,550,902 ('902 Patent) for Inequitable Conduct filed by Defendants Ninestar Technology Company, Ltd.; Ninestar Technology Co. Ltd; and Dataproducts USA, LLC (collectively referred to as Ninestar) and the Cross-Motion (#370) for Partial Summary Judgment of No Inequitable Conduct or *Walker Process* Fraud filed by Plaintiffs Seiko Epson Corporation; Epson America, Inc.; and Epson Portland, Inc. (collectively

3 - OPINION AND ORDER

referred to as Epson).[1]

For the following reasons, the Court **DENIES** Ninestar's Motion and **GRANTS** Epson's Cross-Motion.

## STANDARDS

I. **Summary Judgment**.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id*.

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer*

---

[1] Identical Motions and Cross-Motions are pending in related cases 06-CV-477-BR, 07-CV-896-BR, 08-CV-452-BR, and 09-CV-477-BR.

*v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1987)).  *See also Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary."  *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)). The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*

5 - OPINION AND ORDER

## II. Inequitable Conduct.

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011)(*en banc* ).  "'In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant *made a deliberate decision* to withhold a *known* material reference.'"  *Id.* at 1290 (emphasis in original)(citing *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995)).  Thus, "the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Therasense, Inc.*, 649 F.3d at 1290.[2]

A "material reference" is one that a "reasonable examiner would consider . . . important [in considering] the patent application."  *Cargill v. Canbra Foods*, 476 F.3d 1359, 1364 (Fed. Cir. 2007).  In *Therasense* the court explained the materiality requirement as follows:

> The materiality required to establish
> inequitable conduct is but-for materiality.
> When an applicant fails to disclose prior art

---

[2] The Federal Circuit "tightened the standards for finding both intent and materiality in order to redirect a doctrine that has been overused to the detriment of the public" and has resulted in an "absolute plague" that is "cluttering up" the patent system and "spawning antitrust and unfair competition [*Walker Process*] claims."  *Id.* at 1289 (internal citations omitted).

6 - OPINION AND ORDER

> to the PTO [Patent and Trademark Office],
> that prior art is but-for material if the PTO
> would not have allowed a claim had it been
> aware of the undisclosed prior art. Hence,
> in assessing the materiality of a withheld
> reference, the court must determine whether
> the PTO would have allowed the claim if it
> had been aware of the undisclosed reference.

649 F.3d at 1291. When deciding the question of materiality, the court applies "the preponderance of evidence standard and gives claims their broadest possible reasonable construction." *Id.* at 1291-92.

An "accused infringer must prove that the patentee acted with the specific intent to deceive the PTO." *Id.* at 1290. Although the court "may infer intent from indirect and circumstantial evidence, [] the specific intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'" *Id.* (internal citations omitted). Thus, "the evidence "must be sufficient to *require* a finding of deceitful intent in the light of all the circumstances." *Id.* at 1290-91 (internal citations omitted; emphasis in original).

"Intent and materiality are separate requirements." *Id.* at 1290. The court, therefore, "should not use a 'sliding scale,' where a weak showing of intent may be found sufficient based on a strong showing of materiality, and vice versa. Moreover, a district court may not infer intent solely from materiality." *Id.* Accordingly, "[p]roving that the applicant knew of a reference, should have known of its materiality, and decided not

7 - OPINION AND ORDER

to submit it to the PTO does not prove specific intent to deceive." *Id.*

### III. *Walker Process* **Fraud**[3]

"[E]nforcement of a patent procured by fraud on the Patent Office may be violative of § 2 of the Sherman Act provided the other elements necessary to a § 2 case are present." *Walker Processing Equip., Inc. v. Food Mach. and Chem. Corp.,* 382 U.S. 172, 174 (1965). To prevail on a *Walker Process* fraud claim,[4] the claimant must prove "the patent [was] obtained through actual fraud" on the USPTO. *Dippin' Dots v. Mosey*, 476 F.3d 1337, 1346 (Fed. Cir. 2007).

## **DISCUSSION**

The pending cross-motions raise the question whether there is any triable issue that Epson engaged in inequitable conduct and/or *Walker Process* fraud before the United States Patent and

---

[3] The Court previously stayed and bifurcated further proceedings relating directly to antitrust issues such as the anticompetitive aspects of Ninestar's *Walker Process* Fraud Counterclaim. Those issues would have been resolved in a later proceeding if Ninestar had prevailed on its claims that Plaintiffs engaged in fraudulent conduct before the United States Patent and Trademark Office in obtaining the '917 and '902 Patents. Because, however, the Court is denying Ninestar's Motion for Summary Judgment and granting Epson's Cross-Motion, the Court's Order (#231) staying and bifurcating this issue is now moot.

Trademark Office (USPTO) in 2000 when it applied for and was granted the '902 Patent[5] and the '917 Patent and in 2007 when the USPTO reexamined those patents.

I. **Ninestar's Motion for Partial Summary Judgment.**

Ninestar seeks summary judgment that Epson's '902 Patent and '917 Patent are unenforceable based on Epson's inequitable conduct and fraud in prosecuting those patents before the USPTO.

According to Ninestar, Epson failed in January 2000 to disclose in its '902 Patent and '917 Patent applications prior art reflected in Epson's earlier WO '352 Application to the German Patent Office, which ultimately became U.S. Patent No. 6,102,517 ('517 Patent aka "Kobayashi").

Ninestar asserts the '517 Patent as described in the WO '352 Application depicts an arrangement of contacts on an ink cartridge that allows electrical communication with the printer apparatus. Epson's '917 Patent involves rearrangement of those contacts in rows to solve a rocking problem. According to Ninestar, Epson knew its earlier WO '352 Application to the German Patent Office and the resulting issuance of the '517 Patent by the USPTO based on information contained in the WO '352 Application were "highly material" to Epson's '917 Patent

---

[5] Epson's application for the '902 Patent was filed as a divisional application of the application that later became the '917 Patent. Accordingly, the Court's discussion of and ruling as to the '917 Patent applies in all respects to the '902 Patent.

9 - OPINION AND ORDER

application to the USPTO because the German Patent Office had previously rejected claims of a German counterpart to the '917 Patent based on Epson's prior WO '352 Application.

In addition, Ninestar contends after the USPTO granted *ex parte* reexamination of the '917 and '902 Patents to evaluate whether they were invalid for obviousness, Epson submitted inventor Shinada's declaration purporting to solve a "rocking" problem associated with the arrangement of the print-cartridge contacts relative to the printer apparatus.  Ninestar asserts Epson included as part of Shinada's declaration only the Japanese language version of its earlier WO '352 Application previously filed in the German Patent Office.  Ninestar argues Epson's failure to provide an English-language translation of the alleged prior art described in the WO '352 Application during the reexamination indicates Epson intended to conceal from the USPTO information regarding that prior art.

Ninestar also maintains Epson's nondisclosure was material because on reexamination of Epson's '917 Patent, the examiner finally had an opportunity to read the English-language version of the WO '352 Application and cancelled claims 17-22 of the '917 Patent after doing so.

Based on this chain of events, Ninestar contends there is not a genuine dispute of material fact that Epson's failure to disclose a fully-translated English version of to the USPTO was

10 - OPINION AND ORDER

material to the issuance of the '917 Patent.

In *Semiconductor Energy Lab. Co., Ltd. V. Samsung Elec. Co., Ltd*, the court addressed a patent applicant's duty regarding disclosure of foreign references:

> The duty of candor does not require that the applicant translate every foreign reference, but only that the applicant refrain from submitting partial translations and concise explanations that *it knows will misdirect the examiner's attention from the reference's relevant teaching*.

204 F.3d 1368, 1378 (Fed. Cir. 2000)(emphasis added).

Thus, Ninestar contends Epson's intentional failure to disclose the material information that it had already solved the alleged "side-by-side rocking problem" in its '517 Patent as reflected in the WO '352 Application was not in keeping with its duty of candor, thereby rendering the '917 Patent invalid based on inequitable conduct. Moreover, Ninestar asserts Epson's conduct rises to a level of fraud sufficient to constitute *Walker Process* fraud.

II. **Epson's Cross-Motion for Partial Summary Judgment**.

Epson seeks summary judgment as a matter of law that Epson did not engage in inequitable conduct or *Walker Process* fraud in either the original prosecutions of the '917 and '902 Patents[6]

---

[6] As noted, Epson's application for the '902 Patent was filed as a divisional application of the application that later became the '917 Patent. Accordingly, the Court's discussion of and ruling as to the '917 Patent applies in all respects to the '902 Patent.

11 - OPINION AND ORDER

before the USPTO or during reexamination of the '917 Patent.

Epson acknowledges Epson disclosed the WO '352 Application for the '517 Patent to the USPTO in its Japanese form accompanied by an English-language abstract in a Supplemental Information Disclosure Statement submitted to the USPTO during the course of the '917 Patent reexamination.  In addition, Epson points out that the examiner also had available an English-language translation of a German Patent Office action in which claims of a counterpart application to the '917 Patent based on the WO '352 Application were rejected.

In light of these undisputed facts, Gerald Murch, Epson's expert, opined that even if Epson had provided a complete English translation of the WO '352 Application to the USPTO, the translation would have been cumulative of the above information that Epson had already provided to the examiner.  Murch Decl. at ¶¶ 229-37.  *See also Leviton Mfg. Co., Inc. V. Universal Sec. Instr., Inc.*, 606 F.3d 1353, 1359 (Fed. Cir. 2010)("[A] withheld otherwise material reference is not material if it is merely cumulative to, or less relevant than, information already considered by the examiner.").

### III. **Analysis**

The undisputed record reflects Epson disclosed to the USPTO an English translation of the abstract for the '517 Patent Application.  In addition, the record reflects the USPTO had

12 - OPINION AND ORDER

available a fully-translated counterpart application to the '917 Patent and the '902 Patent.  Accordingly, Ninestar's reliance on *Semiconductor Energy* to support its fraud argument is misplaced because in that case the court found the untranslated parts of a prior foreign patent application were material to patentability and were not cumulative.  The Court concludes a complete English translation of the WO '352 Application would have been cumulative of the information that Epson had already provided to the examiner.

Viewing the record in the light most favorable to Ninestar, the Court concludes no reasonable juror could find that Epson had "the specific intent to deceive" the Patent Examiner regarding the prior art relating to the '917 Patent and the '902 Patent or that an intent to deceive was "the single most reasonable inference able to be drawn from the evidence."  *See Therasense*, 649 F.3d at 1290.


## CONCLUSION

For these reasons the Court **DENIES** the Motion (#351) for Partial Summary Judgment of Unenforceability of U.S. Patent Nos. 6,502,917 ('917 Patent) and 6,550,902 ('902 Patent) for Inequitable Conduct filed by Defendants Ninestar Technology Company, Ltd.; Ninestar Technology Co. Ltd; and Dataproducts USA, LLC, and **GRANTS** the Cross-Motion (#370) for Partial Summary

13 - OPINION AND ORDER

Judgment of No Inequitable Conduct or *Walker Process* Fraud filed by Plaintiffs Seiko Epson Corporation; Epson America, Inc.; and Epson Portland, Inc.

IT IS SO ORDERED.

DATED this 10th day of November, 2011.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER